## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARBARA     ANN     THOMPKINS,
Individually,   and  her  husband,  ERIC
KLAVON,

       Plaintiffs,

     vs.

MUNICIPALITY   OF   PENN   HILLS
operating  the  PENN  HILLS  POLICE
DEPARTMENT,   OFFICER   ALYSSA
FINNIGAN,    and    SPC    DAVID
KLOBUCHER,

       Defendants.

Civil Action No.:  2-21-cv-320

## **COMPLAINT**

AND NOW, comes the Plaintiffs, Barbara Ann Thompkins, Individually and Eric Klavon,

her husband, by and through their undersigned counsel, Max Petrunya, Esquire; Max Petrunya,

P.C.; Paul Jubas, Esquire; and, the Office of Paul Jubas Law, and file the following Complaint in

Civil Action.

## **PARTIES**

1.    Plaintiff Barbara Ann Thompkins (hereinafter referred to as "Plaintiff" and/or "Wife

Plaintiff") is an adult individual residing at 240 Datura Drive, Pittsburgh, Allegheny County,

Pennsylvania 15235.

2.    Plaintiff Eric Klavon (hereinafter referred to as "Plaintiff" and/or "Husband

Plaintiff") is an adult individual residing at 240 Datura Drive, Pittsburgh, Allegheny County,

Pennsylvania 15325.

3.    Plaintiffs are husband and wife.

4.     Defendant Municipality of Penn Hills is organized pursuant to the laws of the Commonwealth of Pennsylvania and operates the Penn Hills Police Department (hereinafter referred to as "Penn Hills Police"), a police department which is vested with the responsibility of enforcing the laws within the Penn Hills area, and is also responsible for the actions of the members of its police department which is located at 102 Duff Road, Pittsburgh, Allegheny County, Pennsylvania 15235.

5.     Defendant Penn Hills Police is vested with the management and administration of law enforcement in Penn Hills, and is also vested with the supervision of police officers so employed.

6.     Defendant Alyssa Finnigan (hereinafter referred to as "Defendant Finnigan"), is an adult individual who at all times relevant hereto was employed by Defendant Penn Hills Police.

7.     Defendant Finnigan is a resident of Allegheny County.

8.     At all times relevant hereto, Defendant Finnigan was employed as a police officer by Defendant Penn Hills Police.

9.     At all times relevant hereto, Defendant Finnigan was acting both individually, and in her capacity as a police officer for Defendant Penn Hills Police.

10.     Defendant Senior Police Constable David Klobuchar is an adult individual (hereinafter referred to as "Defendant Klobuchar"), is an adult individual who at all times relevant hereto was employed by Defendant Penn Hills Police.

11.     Defendant Klobuchar is a resident of Allegheny County.

12.     At all times relevant hereto, Defendant Klobuchar was employed as an SPC by Defendant Penn Hills Police department, and was also acting as the partner of Defendant Finnigan

on June 3, 2020.

13.     At all times relevant hereto, Defendant Klobuchar was acting individually, and in his capacity as an officer for Defendant Penn Hills Police.

14.     At all times relevant hereto, Defendant Penn Hills Police acted through its agents, servants, and/or employees, who were then and there acting within the course and scope of their employment for Penn Hills Police, including, but not limited to, Defendants Finnigan, Klobuchar, and Burton.

## JURISDICTION and VENUE

15.     This Honorable Court has concurrent jurisdiction over actions that arise under 42 U.S.C. §1983 and state law.

16.     Venue lies within this judicial district, since all of the actions complained of herein occurred within the Western District of Pennsylvania.

## FACTS

17.     Plaintiff Barbara Ann Thompkins and Eric Klavon are husband and wife.

18.     On June 3, 2020, as couples do from time to time, the two got into a domestic dispute.

19.     When previous disputes arose, Husband Plaintiff Klavon would call Penn Hills Police who would come to the house and discuss the issues with the couple.

20.     Previously, no arrests were made and the prior domestic situations ended amicably.

21.     Husband Plaintiff called Penn Hills Police Department on June 3, 2020 when he and his wife got into a domestic dispute.

22.     When Penn Hills Police arrived on the scene, Husband Plaintiff Klavon was standing

outside in front of his house while Wife Plaintiff Barbara Ann Thompkins was inside the house in the living room.

23.    At the time that officers from the Penn Hills Police Department arrived on the scene, the domestic situation was diffused and neither Husband Plaintiff Eric Klavon nor Wife Plaintiff Barbara Ann Thompkins were violent or a threat to each other, themselves, the police officers, or the general public.

24.    The officers who responded were Defendant Klobuchar and Defendant Finnigan.

25.    At the time Defendant Klobuchar was a senior official with the Penn Hills Police Department with years of experience responding to calls like the one made by Husband Plaintiff on June 3, 2020.

26.    Upon information and belief, Defendant Officer Finnigan was a newer officer and did not have much experience working on the police force. Husband Plaintiff had never seen or interacted with Defendant Finnigan prior to June 3, 2020.

27.    Both Husband Plaintiff Eric Klavon and Wife Plaintiff Barbara Ann Thompkins knew Defendant Klobuchar from his work with the Penn Hills Police Department.

28.    In fact, Defendant Klobuchar was the officer who had previously told Husband Plaintiff Klavon to contact the Penn Hills Police Department in the event of a domestic dispute. Defendant Klobuchar indicated that the department would respond to the call and speak with the couple.

29.    On June 3, 2020, this non-violent and non-threatening police call transformed into a situation where Plaintiff Barbara Ann Thompkins was unlawfully detained with unnecessary and excessive force that violated her Constitutional rights and ultimately ended with her suffering a

4

major and traumatic fracture of her right humerus which required surgical intervention and continued physical therapy and rehabilitation.

30.    When Defendants Klobuchar and Finnigan arrived to Plaintiffs' home on June 3, 2020, Husband Plaintiff was outside the home in the front yard and Wife Plaintiff was inside the home in the living room right inside the front door.

31.    Defendant Klobuchar stayed out on the front lawn with Husband Plaintiff while Defendant Finnigan entered the home where Wife Plaintiff Barbara Ann Thompkins was located.

32.    For some unknown and unnecessary reason, Plaintiff Barbara Ann Thompkins, who was not violent or a threat to anyone at the time, was thrown violently to the ground by Defendant Finnigan and pinned to the ground using Defendant Finnigan's knee.

33.    Following Defendant Finnigan's use of excessive and unnecessary force to violently throw Wife Plaintiff Barbara Ann Thompkins to the ground, Defendant Finnigan decided, without consulting with or speaking to Defendant Klobuchar, to place Wife Plaintiff under arrest and put her in handcuffs.

34.    In the process of violently attempting to put handcuffs on Wife Plaintiff Barbara Ann Thompkins, Defendant Finnigan used such extreme force to place Plaintiff Thompkins' arm behind her back that Defendant Finnigan fractured Plaintiff Thompkins' right arm.

35.    The sound of the traumatic and violent fracture was so loud that Husband Plaintiff Eric Klavon could hear his wife's arm snap while standing outside of the house on the front lawn.

36.    At the time of this use of excessive force Wife Plaintiff Barbara Ann Thompkins was 61 years old and disabled due to multiple medical conditions she suffered from including musculoskeletal issues with her back.

37.     Not only was the force used by Defendant Finnigan unnecessary and excessive, but it is entirely unclear why Defendant Finnigan would need to use this level of violence and force when responding to a non-violent and non-threatening individual as old and with the physical condition that Wife Plaintiff was in at the time.

38.     Defendant Finnigan's partner Defendant Klobuchar could hear the entire incident taking place inside the house while he was outside with Husband Plaintiff.

39.     Despite his years of training and experience, Defendant Klobuchar failed to intervene and prevent Defendant Finnigan from using unnecessary and excessive force against Wife Plaintiff Barbara Ann Thompkins.

40.     Following the violent and unnecessary fracture of Wife Plaintiff's arm, along with her wrongful arrest and detention, it was obvious that Wife Plaintiff required immediate medical attention.

41.     Despite Wife Plaintiff's request for medical attention and despite Defendants Finnigan's and Klobuchar's knowledge that Plaintiff Barbara Ann Thompkins had sustained a major traumatic fracture to her arm, Wife Plaintiff was taken to a holding cell at Penn Hills Police Department.

42.     Defendant Finnigan or Defendant Klobuchar could have requested an ambulance and had Wife Plaintiff taken to the Emergency Room immediately following Plaintiff Thompkins fractured humerus rather than continuing to wrongfully detain her and deny her immediate medical care in the process.

43.     In an effort to cover-up and defend her unconstitutional and unnecessary use of excessive force, Defendant Finnigan made misrepresentations and omissions in her affidavit of

probable cause and ultimately charged Wife Plaintiff with the unnecessary and unfounded charge of resisting arrest.

44.   Wife Plaintiff Barbara Ann Thompkins was also charged with simple assault and harassment.

45.   All charges against Wife Plaintiff Barbara Ann Thompkins were dropped on July 27, 2020 before Magisterial District Judge DeLuca which in and of itself proves that Defendants perpetrated malicious prosecution and abuse of process against Wife Plaintiff Barbara Ann Thompkins.

46.   Regarding Wife Plaintiff's injuries sustained during this unnecessary and wrongful arrest by the use of excessive force, Plaintiff Barbara Ann Thompkins was diagnosed with a right humerus fracture at UPMC East hospital on June 3, 2020.

47.   Wife Plaintiff underwent successful open reduction internal fixation surgery to repair her fractured right humerus at UPMC Presbyterian on June 12, 2020.

48.   Wife Plaintiff's injuries caused her enormous amounts of pain and suffering. These injuries continue to cause her pain and suffering to this day and significantly impacts her quality and enjoyment of life's pleasures.

49.   Wife Plaintiff is still undergoing treatment and physical therapy for her fractured humerus and may have permanent loss of function due to her injuries.

50.   Also as a result of her injuries, Husband Plaintiff Eric Klavon has suffered a loss of consortium due to Wife Plaintiff's inability to provide comfort, care, society, and companionship to her husband by virtue of her injuries caused by Defendants unnecessary and excessive use of force and violation of Wife Plaintiff's Civil and Constitutional rights.

## COUNT I

**42 U.S.C. §1983 – Fourth and Fourteenth Amendment Violations**

51.    All of the paragraphs above are incorporated herein by reference.

52.    At all times relevant hereto, each Defendant was a state actor and/or was acting under color of state law for 42 U.S.C. §1983 purposes.

53.    At all times relevant hereto, it was the practice, policy, and/or custom of the Defendants, including Defendants Finnigan and Klobuchar, to engage in excessive force, unlawful arrest, denial of medical care, improper training, inadequate hiring, negligent retention, and/or unconstitutional and unreasonable search, seizure, and abusive practices.

54.    The actions of all Defendants in this matter related to the incident on June 3, 2020 involving Wife Plaintiff Barbara Ann Thompkins constitute violations of Plaintiff's Civil and Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitutions. Said rights include the right to be free abusive, arbitrary, and capricious governmental action. These rights are enforceable via 42 U.S.C. § 1983.

55.    As a direct and proximate result of the violations of Plaintiff's Civil and Constitutional rights by Defendants, Plaintiff Barbara Ann Thompkins suffered loss of her liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish, and medical expenses for her treatment and care. The injuries suffered by Plaintiff are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully request this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all

costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT II

### 42 U.S.C. § 1983 – Excessive Use of Force by Defendant Finnigan

56.    Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

57.    The force used by Defendant Finnigan against Plaintiff Barbara Ann Thompkins during the course of her arrest was objectively inhuman and unnecessary, and constituted the unreasonable use of excessive use of force in violation of Plaintiff's clearly established Constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

58.    Defendant Finnigan used unreasonable and excessive force against Plaintiff Barbara Ann Thompkins when, with a depraved indifference to human life and conscious disregard for her safety and the safety of the general public, Defendant Finnigan forcibly pushed Plaintiff Barbara Ann Thompkins to the ground, pinned her to the ground, and violently grabbed and twisted her right arm behind her back causing Plaintiff Thompkins to sustain a right proximal humerus fracture.

59.    Defendant Finnigan committed the acts described herein in a gross disregard of Plaintiff's Constitutional rights while acting under color of state law, and specifically deprived Plaintiff of her Constitutional right to be free from excessive police force under the Fourth Amendment.

60.    At no time during this interaction with Defendant Finnigan did Plaintiff Barbara Ann Thompkins pose any threat of violence to any Defendant, including Defendant Finnigan.

61.   As a result of Defendant Finnigan's outrageous conduct, Plaintiff Barbara Ann Thompkins suffered a right fractured humerus requiring surgical intervention.

62.   Despite Plaintiff Thompkins' cries for help to Defendant Finnigan and other members of the Penn Hills Police Department, Plaintiff Thompkins was not provided with immediate medical attention and was detained by Defendants Finnigan and Klobuchar.

63.   Medical care was not provided to Plaintiff Thompkins which was yet another violation of her Constitutional rights, which will be detailed further herein.

64.   As a direct and proximate result of the excessive and unnecessary force used by Defendant Finnigan, Plaintiff Barbara Ann Thompkins suffered loss of her liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish, and medical expenses for her treatment and care. The injuries suffered by Plaintiff are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT III

### 42 U.S.C. § 1983 – Failure to Intervene by Defendant Klobuchar

65.   Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

66.   Defendant Klobuchar was acting as the partner for Defendant Finnigan responding to the domestic dispute at Plaintiffs' home on June 3, 2020.

67.   Defendant Klobuchar, as a police officer working with Defendant Finnigan on June 3, 2020, had a duty to intervene to prevent Defendant Finnigan from using excessive force with Plaintiff Barbara Ann Thompkins.

68.   Defendant Klobuchar had a reasonable opportunity to intervene given his proximity to the excessive force taking place approximately 15 feet away inside the home and because Defendant Klobuchar heard the events transpiring between Defendant Finnigan and Wife Plaintiff Barbara Ann Thompkins.

69.   Defendant Klobuchar failed to intervene or take any action to prevent Defendant Finnigan from using excessive force, wrongfully detaining, and ultimately fracturing Wife Plaintiff's right humerus.

70.   Furthermore, Defendant Klobuchar failed to intervene when Defendant Finnigan committed further violations of Wife Plaintiff's Civil and Constitutional rights by denying Wife Plaintiff immediate access to medical care, abuse of process, and malicious prosecution.

71.   As a direct and proximate result of the conduct of Defendants, Plaintiff Barbara Ann Thompkins suffered loss of her liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish, and medical expenses for her treatment and care. The injuries suffered by Plaintiff are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT IV

**41 U.S.C. § 1983 – Deliberate Indifference by Defendant Penn Hills Police Department**

72.    Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

73.    Defendant Penn Hills Police violated the Plaintiff's Fourth Amendment rights by failing to train its officers to reasonably respond to non-threatening individuals like Plaintiff Barbara Ann Thompkins.

74.    Defendant Penn Hills Police violated the Plaintiff's Fourth Amendment rights by engaging, as a custom, policy, and practice, in behavior that caused Constitutional violations to individuals like Plaintiff by inappropriately responding to non-threatening situations with excessive, unreasonable, and unnecessary force.

75.    These Constitutional violations were caused by Defendant Penn Hills Police's lack of training and supervision in regards to officers having the ability, knowledge, skills, and training to interact with non-threatening individuals like Plaintiff without causing physical harm.

76.    Defendant Penn Hills Police, by and through its organization and through Defendants Finnigan, Klobuchar, and Burton, knew or should have known that Plaintiff was non-threatening, and they should have known that any use of force was objectively unreasonable and unnecessary in light of the totality of the circumstances.

77.    The force used by Defendant Penn Hills Police against Plaintiff Barbara Ann Thompkins during her arrest was objectively inhumane and unnecessary. The actions of Defendant Penn Hills Police constituted the unreasonable and excessive use of force, in violation of the Plaintiff's clearly established Constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

78.   At no time was Plaintiff Barbara Ann Thompkins a threat of any danger or violence

79.   As a result of Defendants' outrageous conduct, Plaintiff Barbara Ann Thompkins suffered a right fractured humerus requiring surgical intervention.

80.   As a direct and proximate result of the conduct of Defendants, Plaintiff Barbara Ann Thompkins suffered loss of her liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish, and medical expenses for her treatment and care. The injuries suffered by Plaintiff are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT V

### Battery Against Defendant Finnigan

81.   Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

82.   Defendant Finnigan's actions against Plaintiff Barbara Ann Thompkins, when she used excessive force to force Plaintiff Thompkins to the ground, pinned her down against the ground, and violently and forcibly placed her under arrest causing her to fracture her right humerus with a depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional, unwelcome, and unprivileged touching of Plaintiff Barbara Ann Thompkins, and was undertaken in bad faith and with actual malice.

83.   As a direct and proximate result of the conduct described above, Plaintiff Barbara

Ann Thompkins suffered loss of her liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish, and medical expenses for her treatment and care. The injuries suffered by Plaintiff are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

<u>**COUNT VI**</u>

**42 U.S.C. § 1983 – False Arrest/False Imprisonment Claim Against Defendant Finnigan**

84.    Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

85.    As set forth above, through her direct actions, Defendant Finnigan personally participated in and caused harm and injuries to Plaintiff Barbara Ann Thompkins. Defendant Finnigan went on to cause the false arrest and false imprisonment of Plaintiff Thompkins.

86.    In an effort to justify and cover up her illegal use of force, unlawful detention, improper handling of this incident, and overall gross negligence, Defendant Finnigan, with the assistance of other members of the Penn Hills Police, exaggerated the facts of the incident that occurred on June 3, 2020.

87.    In as much as Defendant Finnigan knew or should have known that Plaintiff Barbara Ann Thompkins was non-violent and non-threatening at the time her false arrest was initiated, Defendant Finnigan's actions when arresting Plaintiff, were taken without lawful authority and with malice. The actions of Defendant Finnigan thus constitute false arrest and false imprisonment.

88.     As a direct and proximate result of the conduct described above, Plaintiff Barbara Ann Thompkins suffered loss of her liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish, and medical expenses for her treatment and care. The injuries suffered by Plaintiff are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

### COUNT VII

**42 U.S.C. § 1983 – False Arrest/False Imprisonment Claim Against**
**Defendant Penn Hills Police**

89.     Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

90.     As set forth above, through the direct actions of Defendant Finnigan, along with Defendant Klobuchar, personally participated in and caused the false arrest and false imprisonment of Plaintiff Barbara Ann Thompkins.

91.     In an effort to cover up the illegal use of force, unlawful detention, improper handling of the incident involving Plaintiff Barbara Ann Thompkins, and overall gross negligence, Defendants Finnigan and Klobuchar exaggerated the facts of the incident that occurred on June 3, 2020.

92.     Defendant Finnigan was acting within the scope of her employment with Defendant Penn Hills Police.

93.     As a direct and proximate result of the conduct described above, Plaintiff Barbara Ann Thompkins suffered loss of her liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish, and medical expenses for her treatment and care. The injuries suffered by Plaintiff are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT VIII

### Malicious Prosecution Against All Defendants

94.     Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

95.     Defendants wrongfully caused criminal proceedings to be instituted against Plaintiff Barbara Ann Thompkins with malice and absence of probable cause, or arguable probable cause, in an effort to conceal their wrongful and unnecessary use of force and harm caused to Plaintiff Barbara Ann Thompkins through numerous violations of her Civil and Constitutional Rights that occurred on June 3, 2020.

96.     Defendants, individually and collectively, submitted police reports to prosecuting authorities containing false statements and/or material omissions, which reports were relied upon by prosecuting authorities.

97.     The criminal proceedings terminated in favor of Plaintiff Barbara Ann Thompkins and all charges were withdrawn against Wife Plaintiff on October 26, 2020.

98.    The actions of the Defendants constitute malicious prosecution under the laws of the Commonwealth of Pennsylvania.

99.    As a direct and proximate result of these violations of Plaintiffs' Civil and Constitutional Rights, Plaintiff Barbara Ann Thompkins suffered the injuries and damages as previously set forth.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT IX

### Abuse of Process Against All Defendants

100.    Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

101.    The Defendants used a legal process against Plaintiff without justification in an effort to cover-up their violations of Plaintiff's rights which led to the injuries as detailed throughout this Complaint.

102.    Defendants primary purpose for arresting Plaintiff Barbara Ann Thompkins was for an unconstitutional purpose and outside the scope of the law, which caused significant harm and injuries to Plaintiff.

103.    The misrepresentations and omissions in the information provided to authorities were provided so that criminal charges could be brought against Plaintiff, however, these charges were not pursued and ultimately terminated in Plaintiff's favor.

104. The actions of the Defendants constitute abuse of process under the laws of the Commonwealth of Pennsylvania.

105. As a direct and proximate result of these violations of Plaintiffs' Civil and Constitutional Rights, Plaintiff Barbara Ann Thompkins suffered the injuries and damages as previously set forth.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT X

### Loss of Consortium

106. Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

107. As a direct and proximate result of the actions of the Defendants and injuries sustained by Wife Plaintiff Barbara Ann Thompkins as detailed above, Husband Plaintiff Eric Klavon has suffered and will continue to suffer loss of consortium, spousal support, services, society, and companionship for which the Defendants are liable.

WHEREFORE, the Plaintiff Eric Klavon demands consortium damages from the Defendants in excess of the jurisdictional arbitration limits together with interest, costs of suit, and any other damages which this Honorable Court deems necessary to compensate Plaintiffs for which this suit was filed.

WHEREFORE, Plaintiffs Barbara Ann Thompkins and Eric Klavon respectfully request this Honorable Court enter judgment in their favor and against all Defendants, jointly and severally, and award them compensatory and consortium damages in an amount in excess of jurisdictional arbitration limits, punitive damages, interest, costs, attorneys' fees, and any other relief which this Honorable Court may deem necessary to compensate Plaintiffs for which this suit was brought.

**PLAINTIFFS DEMANDS A TRAL BY JURY.**

Respectfully submitted,

By: /s/ Max Petrunya
MAX PETRUNYA, ESQUIRE
Pa. I.D. No.: 309122

MAX PETRUNYA, P.C.
5 Bayard Rd. Unit 917
Pittsburgh, PA 15213
(412) 720-3497
maxpetrunyapc@gmail.com

By: /s/ Paul Jubas
PAUL JUBAS, ESQUIRE
Pa. I.D. No.: 311832

PAUL JUBAS LAW
P.O. Box 10704
Pittsburgh, PA 15203
(412) 230-0023
pjubasesq@gmail.com

Counsel for Plaintiffs